IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ERNEST LELAND KEGLER, JR.,

    Petitioner,

v.                                  CIVIL ACTION NO. 2:06-cv-00339
                                    (Criminal No. 2:04-cr-00012-01)

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

Three motions are currently pending before the court. The first motion is petitioner Ernest Kegler's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [Docket 260]. The second is Mr. Kegler's Motion to Produce Testimony from Assistant United States Attorneys in the United States Attorney's Office in the Eastern District of Virginia ("Motion to Produce Testimony") [Docket 330]. Finally, the Government has filed a Motion to Dismiss [Docket 333].

Pursuant to 28 U.S.C. § 636(b)(1)(B) and a Standing Order, this civil case, including the above described motions, was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition. On January 5, 2009, the Magistrate Judge submitted proposed findings and made various recommendations ("PF&R") [Docket 348]. After making extensive findings, the Magistrate Judge recommended that this court: (1) deny Mr. Kegler's § 2255 Motion; (2) deny Mr. Kegler's Motion to Produce Testimony; and, (3) deny as moot the government's Motion to Dismiss. On February 20, 2009, Mr. Kegler filed

timely objections to the PF&R [Docket 356]. The Government filed a response to those objections on March 3, 2009 [Docket 358].

This court has reviewed for clear error those portions of the PF&R to which Mr. Kegler did not object. *See Camby v. Davis,* 718 F.2d 198, 200 (4th Cir. 1983); *Campbell v. United States D. Ct. N.D. Cal.,* 501 F.2d 196, 206 (9th Cir. 1974). Having determined that those portions were not clearly erroneous, I proceed to review *de novo* those portions to which he did object. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objections is being made.").

For reasons set forth below, the court **ADOPTS** the Magistrate Judge's proposed findings. Mr. Kegler's § 2255 Motion is **DENIED**, Mr. Kegler's Motion to Produce Testimony is **DENIED**, and the Government's Motion to Dismiss is **DENIED as moot**.

## I. Procedural History Background

On January 30, 2004, a federal grand jury indicted Mr. Kegler for engaging in a conspiracy to distribute fifty grams or more of cocaine base [Docket 1]. Mr. Kegler pled guilty to that charge pursuant to a written plea agreement on January 5, 2005 [Docket 139, 140]. Because Mr. Kegler admitted at his plea hearing that he had previously been convicted of a felony drug offense, Mr. Kegler exposed himself to a minimum mandatory sentence of twenty years. The district court consequently sentenced him to a term of imprisonment of 240 months, which was a term at the bottom of the United States Sentencing Guidelines range [Docket 183]. Mr. Kegler did not appeal his conviction or his sentence.

On May 10, 2006, Mr. Kegler filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. In that motion, Mr. Kegler alleges that he was denied effective

assistance of counsel with respect to his attorney, who persuaded him to enter the guilty plea by declaring that Mr. Kegler would not get a fair trial in West Virginia. Mr. Kegler further alleges that he was induced to enter the plea by promises from several Assistant United States Attorneys ("AUSAs"), including two AUSAs from the Eastern District of Virginia, that they would file on his behalf a motion for reduced sentence for substantial assistance pursuant to Federal Rule of Criminal Procedure 35. Finally, Mr. Kegler asserts that much of the testimony given at his sentencing hearing was false and that he is not guilty of the charge for which he was indicted.

Upon receiving responses from the government, Magistrate Judge Stanley proceeded to hold an evidentiary hearing to confirm the circumstances underlying Mr. Kegler's allegations. Based on the results of her inquiry, Magistrate Judge Stanley proposed that this court find that: (1) Mr. Kegler was not coerced into entering a guilty plea and was not told by his attorney that he could not get a fair trial, (2) Mr. Kegler failed to ask his attorney to file an appeal on his behalf, and (3) no government attorney promised to file a Rule 35 substantial assistance motion on his behalf.

Mr. Kegler objects to Magistrate Judge Stanley's recommendations on two grounds. First, he argues that Magistrate Judge Stanley failed to determine whether the government promised to file a substantial assistance motion on his behalf. Specifically, he contends:

> Magistrate Judge Stanley correctly identified the salient issue raised by Mr. Kegler's § 2255 motion, but her analysis seems to answer a different question. While, as stated by the magistrate judge, the question is whether Mr. Kegler's plea was induced by a promise of a Rule 35 motion, the court's analysis seems designed to answer the inquiry "does Mr. Kegler deserve a substantial assistance motion?"

(Mem. Supp. Obj. 6 [Docket 357].) Second, Mr. Kegler argues that the production of testimony from two AUSAs from the Eastern District of Virginia is necessary for this court to have a complete understanding of the facts surrounding this case. (*Id.* 8.)

In response to Mr. Kegler's objections, the Government argues that Mr. Kegler's sworn statements at his plea hearing that he was voluntarily entering into the plea agreement preclude his allegations that he was coerced into that action. (Gov't's Resp. Opp'n 10.) The Government also argues that in light of the extensive fact-finding conducted by Magistrate Judge Stanley, the testimony of the two Virginia Assistant United States Attorneys was not necessary. (*Id.* at 12.)

I will address each portion of Magistrate Judge Stanley's PF&R to which Mr. Kegler objected *de novo*.

## II.     The Government Did Not Promise to File a Rule 35 Motion of Mr. Kegler's Behalf

Mr. Kegler's objection that Magistrate Judge Stanley did not properly answer the question of whether Mr. Kegler's plea was induced by a promise of a Rule 35 motion is without merit for several reasons. First, contrary to Mr. Kegler's objection, Magistrate Judge Stanely *did* find that there was "no evidence which proves that Defendant's guilty plea was induced by the promise of a substantial assistance motion." (PF&R 22.) Magistrate Judge Stanley did discuss the amount and quality of assistance provided by Mr. Kegler to the Government and her findings do support a conclusion that Mr. Kegler did not deserve a Rule 35 motion. Indeed, Magistrate Judge Stanley herself seems to have reached that conclusion. (*See* PF&R 22.) Nevertheless, her findings on that issue do not detract from her also having found no evidence of a Government promise for a Rule 35 motion. Having reviewed the evidence gathered by Magistrate Judge Stanley, I agree with her finding that the Government did not promise Mr. Kegler that it would file a Rule 35 motion on his behalf.

Second, Mr. Kegler is precluded from arguing that his decision to enter the plea agreement was induced by a promise of a Rule 35 motion because that argument contradicts his sworn

statements at his plea hearing. The Fourth Circuit Court of Appeals has made clear that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established . . . ." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) (holding that an evidentiary hearing is not required in the course resolving a § 2255 motion "when the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous or false as to warrant summary dismissal" (quoting *United States v. White*, 366 F. 3d 291, 296 (4th Cir. 2004) (internal quotation omitted)). Extraordinary circumstances are demonstrated by evidence such as an admission of ineffective representation, or documentary evidence of severe illness during the Rule 11 colloquy. *Id.* at 221 (citing *White*, 366 F.3d 291, 300 (4th Cir. 2004), *Fontaine v. United States*, 411 U.S. 213 (1973)). No such circumstance has been demonstrated in this case. At his plea hearing, I asked Mr. Kegler whether his plea was voluntary, and he answered in the affirmative. I asked him whether anyone had coerced, intimidated, or talked him into entering a guilty plea, and whether anyone had promised him anything or told him something different from what I had told him in order to get him to plead guilty. He answered in the negative. In the absence of extraordinary circumstances, Mr. Kegler's sworn statements at his plea hearing that he was neither coerced into entering the plea nor promised anything in order get him to plea are conclusively established as true. I **FIND** that Mr. Kegler's guilty plea was not induced by the promise of a Rule 35 motion. Mr. Kegler's objection on this issue is **OVERRULED**.

### III.     Testimony from the AUSAs from the Eastern District of Virginia is Not Necessary

The defendant argues that testimony from the two Eastern District of Virginia AUSAs who interviewed him in 2004 would "shed light" on the facts surrounding this matter. But, as discussed

above, Mr. Kegler's sworn statements at his plea hearing conclusively establish that he was not induced to plead guilty by a promise for a Rule 35 motion. Accordingly, I do not find that testimony from the Virginia AUSAs is necessary and I **OVERRULE** Mr. Kegler's objection on this issue.

**IV.     Conclusion**

Having found both of Mr. Kegler's objections to be without merit, I **ADOPT** Magistrate Judge Stanley's findings, **DENY** Mr. Kegler's § 2255 Motion [Docket 260], **DENY** Mr. Kegler's Motion to Produce Testimony [Docket 330], and **DENY as moot** the Government's Motion to Dismiss [Docket 333]. Accordingly, this action is **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     June 18, 2009

Joseph R. Goodwin, Chief Judge